**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gulmaro TORRES–LEON,**
**Defendant–Appellant.**

No. 12–35353.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 4, 2013.[*]

Filed Dec. 20, 2013.

Ryan George Weldon, Assistant U.S., USGF–Office of the U.S. Attorney, Great

Falls, MT, Leif Johnson, Assistant U.S., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Daniel Donovan, Esquire, Daniel Donovan, P.C. Great Falls, MT, for Defendant–Appellant.

Before: O'CONNOR, Associate Justice (Ret.),[**] and TALLMAN and BEA, Circuit Judges.

MEMORANDUM [***]

Appellant Gulmaro Torres–Leon appeals the denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence for conspiracy to distribute methamphetamine. For the following reasons, we affirm.

1. Montana trial counsel was not ineffective under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) in failing to pursue a Fifth Amendment double jeopardy defense. The district court correctly found that there was not enough evidence of a single conspiracy to support a reasonable attorney in recommending trial over a guilty plea, especially with the risk of a longer prison sentence. Instead, the evidence showed at least two conspira-

---

ed by 9th Cir. R. 36–3.

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] The Honorable Sandra Day O'Connor, Associate Justice (Ret.) for the Supreme Court of the United States, sitting by designation.

[***] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cies, occurring at different times and in different places, and involving different persons, methods, roles, and acts. *See Arnold v. United States,* 336 F.2d 347 (9th Cir.1964); *United States v. Ziskin,* 360 F.3d 934 (9th Cir.2003).

Even if trial counsel had erred, Appellant would not meet his burden to prove a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill,* 474 U.S. at 59, 106 S.Ct. 366.

3. The government did not violate *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) when it redacted information from investigation documents. The redacted information did not raise a meritorious double jeopardy defense, and therefore was not sufficiently material or exculpatory to establish a *Brady* claim.

**AFFIRMED.**